IN THE MATTER OF THE ESTATE OF
PIETRO OTTAVIO SILVAGNI, DECEASED.

THOMAS A. FOLEY, APPELLANT, *v.*
MICHELE SILVAGNI, RESPONDENT.

No. 4238

March 4, 1960                    349 P.2d 1062

(Petition for rehearing denied April 6, 1960.)

*A. W. Ham and A. W. Ham, Jr.,* of Las Vegas, for Appellant.

*Jones, Wiener and Jones,* of Las Vegas, for Respondent.

## OPINION

On Motion to Dismiss Appeal

By the Court, Badt, J.:

Respondent has moved to dismiss appellant's appeal on the ground that it is not taken from any final, appealable judgment or order. The notice of appeal is from what is designated as "Court's Decision" filed June 2, 1959, which, after reciting certain preliminary matters, orders that the petition of Foley for letters testamentary be denied and that Michele Silvagni be appointed administrator with the will annexed and that letters of administration with the will annexed be issued to him upon his taking the oath of office and giving bond as required by law in the sum of $75,000. These particular orders are quoted in haec verba in the notice of appeal. NRS 155.190 provides that an appeal may be taken to the supreme court "from an order or decree: 1. Granting or revoking letters testamentary or letters of administration. * * * 13. Refusing to make any order heretofore mentioned in this section * * *."

Respondent contends that an order filed June 3, 1959,

designated "Order Denying Letters Testamentary to Thomas A. Foley," is the only final order from which Foley could have appealed, and purports to show the existence of such order by attaching a certified copy thereof to his motion. The asserted order of June 3, 1959 is not included in the record on appeal nor was it designated either in appellant's designation of record or respondent's counter designation (Rule 75(a) NRCP). No diminution of record has been suggested (id. 75(h)), nor does it appear that appellant was ever served with a copy of said order of June 3, 1959 or with a notice thereof (Rule 5(a) NRCP). Even if we may consider the asserted order of June 3, the mere fact that it is later in time than the order of June 2 would not in itself detract from the finality of the order of June 2 if the latter is otherwise a final, appealable order. Such we hold it to be. It is a written order, signed and filed by the district judge, denying Foley's petition for letters testamentary. The mere fact that the document is entitled "Court's Decision" does not alter its obvious and patent character. The motion to dismiss the appeal and the motion to strike the record on appeal, coupled therewith, must be denied.

## ON THE MERITS

Foley's appeal from the order denying his petition for letters testamentary is closely associated with the appeal now pending and submitted to this court in case No. 4229, 76 Nev. 91, 349 P.2d 1067, in which Olga Silvagni Moe has appealed from the court's order denying her petition for letters of administration CTA and granting the petition of her brother Michele Silvagni for letters of administration CTA of the estate of Pietro Ottavio Silvagni, deceased. The transcript of record in that appeal is before us to serve the purposes of both appeals. We are thus in the main furnished with information (with the exception of several missing filings) as to the nature and chronological order of the filings and proceedings leading up to the order from which the present appeal is taken. From this the following appears:

On December 28, 1958 the testator died, leaving two instruments of a testamentary nature, each of which appeared valid on its face. One was a will, dated October 21, 1955, which appointed Thomas A. Foley, the appellant herein, as executor, and one, a will, dated October 24, 1955, which appointed Michele Silvagni executor. This later will of October 24, 1955 apparently disappears from consideration in the proceedings below and in any points raised in this appeal. We gather from the record that although this later will bore the signature of the testator and of the two subscribing witnesses, under proper testimonial clauses and proper certificates of the witnesses, the will was not executed by the testator in the presence of the witnesses, nor did the witnesses sign in the presence of the testator, nor did the testator ever declare to the witnesses that the document was his will, or that he requested them to attest the same as witnesses. Be this as it may, the will of October 24, 1955 plays no part in this appeal other than the fact that prior to the time Mr. Foley renounced his right to letters under the will of October 21, 1955, he had been shown a photostat or Verifax copy of the purported will of October 24, 1955 naming Michele Silvagni as executor and was advised by the attorney for Michele Silvagni that such will was a later valid will naming another person as executor.

In January 1959 Michele Silvagni offered both wills for probate, in the alternative, seeking either letters testamentary of the later will or letters of administration with the will annexed of the earlier will. Olga Silvagni Moe, his sister, contested both wills.

On January 22, 1959 Foley renounced his right to letters testamentary under the earlier will.

On May 5 and 6, 1959 Olga's contest of the probate of the will of October 21, 1955 was heard by the court with a jury. At a later hearing on May 29, 1955 (after dismissal of the jury on May 6, 1955) Mr. Foley, called as a witness by Michele Silvagni as the proponent of the will of October 21, 1955 and in support of Michele's petition for letters testamentary CTA, testified that he had renounced his right to act as executor "because of

an adverse interest," and also that the photo copy or Verifax copy of the purported will dated October 24, 1955 had been submitted to him "prior to my relinquishing any right under the will [of October 21, 1955]."

On May 11, 1959 the court filed its judgment reciting the abandonment of all protests to the admission to probate of the will of October 21, 1955, admitted said will to probate, and ordered that Michele Silvagni "will be appointed administrator with the will annexed" after the expiration of ten days, and that letters of administration CTA be issued to him upon his taking oath and giving bond.

On May 15, 1959 Foley filed his petition for letters testamentary and revoked his renunciation of January 22, 1959, alleging that same was made under a mistake of fact, namely, that he had an adverse interest.

On May 21, 1959 Olga Silvagni Moe filed her objection to the appointment of Michele Silvagni as administrator CTA, asserting the latter's adverse interests growing out of litigation prosecuted by him against the estate, that he had theretofore been convicted of a felony, that he had thereafter uttered forged checks, and that he was not a suitable person to act as administrator CTA. Appeal from the order granting letters of administration CTA to Michele has heretofore been argued to this court in appeal No. 4229 and is now under submission.

The court minutes of June 2, 1959 show the court's order denying Foley's request to withdraw his renunciation, overruling Olga's objection to the appointment of Michele, denying Foley's petition for letters testamentary, and ordering that Michele be appointed administrator with the will annexed and that letters of administration CTA issue to him upon his taking oath of office and giving bond in the sum of $75,000, to be approved by the court. The written order of June 2 to like effect, hereinabove referred to, was likewise filed on said day.

On May 29, 1959 the court heard sundry matters in addition to Foley's petition for letters testamentary and in addition to Michele Silvagni's objections thereto and

in addition to Olga Silvagni Moe's petition for the appointment of some qualified person as administrator with the will annexed. At the beginning of the hearing the court was asked by Foley's attorney to take judicial notice that at that point letters had not been issued— either testamentary or of administration. The court announced "That is the state of the record  *  *  *. The court is aware of it."

It was not until June 3, 1959 that Michele's bond was approved and letters of administration CTA were issued to him.

The learned district judge, in the document filed June 2, 1959 denominated "Court's Decision," recited the following as his reasons and grounds for denying Foley's right to withdraw his renunciation and denying his petition for letters testamentary:

"As to the claim of Thomas Foley to now withdraw his renunciation, the Court exercises its discretion in denying such request. Thomas Foley renounced originally, and the Court appointed Michele Silvagni as special administrator. Originally Thomas Foley testified that the reason he renounced was because his interests were adverse. Subsequently, he testified that they were no longer adverse, but there is nothing in the record to show of what the adversity consisted nor in what way it is now cleared.

"Certain acts necessary to be done in the handling of the estate in the early stage following the death of the testator were done by Michele Silvagni as special administrator. Too, Michele Silvagni has been closely associated along with his brother, Vittorio, in the handling of their father's affairs during his lifetime. Either of them has far more immediate, particular and peculiar knowledge of the affairs of their father and the estate than Attorney Thomas Foley. There is no reason now to upset the inner workings of the estate and substitute a stranger in the place of one not only named as a principal legatee in the Will admitted to probate, one in whom it appears obvious that the intention of the testator is to repose trust and confidence, but also one thoroughly familiar with the aforesaid affairs of the estate."

·In connection with such order and with the other proceedings above recited, it should be remembered that Michele Silvagni had been appointed as special administrator and special letters were issued to him and that he is at the present time still acting as such. It would not appear that the affairs of the estate, said to be of a value of some two million dollars, are being prejudiced by the absence of either an executor or of an administrator with the will annexed.

It must be conceded that if the situation was one in which the court had a right to exercise its discretion, if, for example, the court had been acting upon competing and adverse petitions of Thomas Foley and Michele Silvagni under no controlling statutory provision, the points mentioned by it would justify an exercise of that discretion in granting letters of administration to Michele and denying them to Mr. Foley. Such, however, is not the case. The testator appointed Foley as executor of the will. Under NRS 138.010, if the will is admitted to probate, "the district court shall direct letters thereon to issue to the person or persons named in the will to execute the same, who may be competent to discharge the trust, and who shall appear and qualify." Under sec. 138.020 a person is not competent to serve as executor who at the time of the admission of the will to probate is under the age of majority or who shall have been convicted of a felony or who, upon proof, shall have been adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of integrity or understanding. Foley derived his right to letters not from any familiarity with the business or affairs of the testator during the latter's lifetime, or because of any immediate particular and peculiar knowledge of such affairs or because there was no danger that he might upset the inner workings of the estate or because he was a principal legatee under the will or because of any of the other reasons or implications considered by the learned district judge. He derived his right to letters from the testator. The testator's will in so appointing him ranks equally (subject of course to possible statutory disqualification) with the

testator's will in the disposition made of his estate. Absent any right of discretion created by statute, no discretion rests in the probate court in respect to the issuance of letters testamentary to the person nominated in the will. The testator has the absolute right to select the executor to carry out the provisions of his will to like extent that he has the absolute right to make disposition of his property as he chooses—both being subject only to statutory limitations. Anno., 95 A.L.R. 828, "Power of court to refuse letters testamentary to one named in will as executor, absent specific statutory disqualification"; Holbrook v. Head, 9 Ky. L.Rep. 755, 6 S.W. 592; In re Flood's Will, 236 N.Y. 408, 140 N.E. 936. See In re Minnie P. Holland's Estate, 139 N.Y.S.2d 63.

Despite the foregoing, respondent supports the court's order denying letters testamentary to Foley by Foley's prior renunciation, which he revoked before the issuance of letters testamentary to Michele. He relies upon NRS 138.020 which provides in part: "If any such person * * * named as the sole executor * * * shall renounce the trust * * * letters of administration with the will annexed shall issue."

As noted, Foley renounced his trust on January 22, 1959, but on May 15, 1959, only four days after the court's order of May 11, while the estate was being administered by a special administrator and while litigation was pending to determine who should be appointed as administrator with the will annexed, and before issuance of any letters of administration, he revoked his renunciation and filed his petition for letters testamentary. The rule in such case is likewise well established to the effect that he had a right to revoke his renunciation and to have letters issued to him. Nunn et al. v. Hamilton, 233 Ky. 663, 26 S.W.2d 526; In re McNichol's Estate, 282 Pa. 187, 127 A. 461; In re Dunham's Will, 150 N.Y.S. 692; In re True's Estate, 120 Cal. 352, 52 P. 815; Anno., 153 A.L.R. 227; 33 C.J.S. 919, Executors and Administrators, sec. 29; 21 Am.Jur. 431 cited In re

Grattan's Estate, 155 Kan. 839, 130 P.2d 580, 590; Davis v. Inscoe, 84 N.C. 396, Ann.Cas. 1916 D 1304.

It should be remembered that Michele's petition for letters filed January 7, 1959 had attached to it the document of October 24, 1955, which on its face was a later will than the will of October 21, 1955 appointing Foley as executor, and that on January 22, 1959 Michele filed an amended petition asking for letters testamentary under the apparently valid later will or, in the alternative, for letters of administration with the will annexed under the earlier will. Again he prayed for admission to probate of the later will naming him as executor. He alleged that the later will was a valid will. The trial court's judgment of May 11, 1959 established for the first time that the later will was not valid. Four days later, on May 15, 1959, Foley revoked his renunciation and petitioned for letters testamentary.

Respondent has submitted authorities which he asserts sustain his view that the court had the right to exercise its discretion in refusing to accept the revocation of the renunciation and that the mandatory provision of NRS 138.020 requires letters of administration with the will annexed to issue to respondent. An examination of those authorities satisfies us that the same are not in point. It was incumbent upon the probate court in admitting the will to probate to follow the testator's direction and to order the issuance of letters testamentary to appellant upon appellant's compliance with statutory requirements. It is suggested in respondent's brief that Foley failed to give the notice required by statute of the hearing of his petition for probate and for letters testamentary. This, as well as other procedural matters, may require the attention of the probate court.

Reversed and remanded for further proceedings in accordance herewith.

McNamee, C. J., and Pike, J., concur.