ELSIA MAXINE WATSON, Appellant, *v.* HOUSING AUTHORITY OF THE CITY OF NORTH LAS VEGAS, Respondent.

No. 12641

April 30, 1981

627 P.2d 405

[Rehearing denied June 26, 1981]

*Marilyn V. Romanelli,* Las Vegas, for Appellant.

*George E. Franklin,* City Attorney, North Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant seeks reversal of the lower court's denial of an application for a writ of certiorari seeking review of her termination by the North Las Vegas Housing Authority. We reverse and remand.

### THE FACTS

Appellant worked as a tenant relations officer for the Housing Authority of the City of North Las Vegas for eleven years. On September 1, 1978, she was given a termination letter containing four reasons for her dismissal.[1] The termination was

---

[1]The reasons given were:

(1) The inability of this administration to trust you with field assignments or tenant placements as demonstrated by past occurrences, thereby

effective that day; she was afforded two weeks' severance pay. Upon application to the Housing Authority Commission, a hearing was held in order to determine the propriety of the dismissal. At the hearing, no evidence was taken; appellant argued that she was deprived due process of law because the letter dismissing her lacked sufficient specificity regarding the charges. The Commission ruled, however, that her due process rights were not violated and upheld appellant's dismissal.

Appellant filed an application for a writ of certiorari in the district court contending that the Housing Authority Commission exceeded its jurisdiction by approving the pretermination dismissal. The district court denied the application for the writ, and this appeal followed.

## DUE PROCESS

An application for a writ of certiorari to review the exercise of judicial functions by an inferior tribunal shall be granted whenever that lower body exceeds its jurisdicition. NRS 34.020(2). In this context, jurisdiction has a broader meaning than the concept of jurisdiction over the person and subject matter: it includes constitutional limitations. *See* Auto Equity Sales, Inc. v. Superior Court, 369 P.2d 937 (Cal. 1962). If the Housing Authority Commission's approval of appellant's termination violated her due process rights, the Commission exceeded its jurisdiction and the writ should have been granted.

Due process is not a rigid concept: "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972); State ex rel. Sweikert v. Briare, 94 Nev. 752, 588 P.2d 542 (1978). "As a minimum, these preremoval safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." Skelly v. State Personnel Board, 539 P.2d 774, 788, 789 (Cal. 1975).

greatly decreasing your ability to carry out the job duties required as a Tenant Relations Officer.

(2) Poor attitude which has resulted in much dissension within the office, thereby making it difficult for other employees to carry out their duties.

(3) Poor tenant relationship which sometimes results in bad feelings toward yourself in particular and the Housing Authority in general.

(4) Your inability to communicate sufficiently as required by a Tenant Relations Officer, both verbally and written.

The letter given to appellant contained only general, broad allegations of misconduct which did not apprise her of the specific instances of misconduct for which she was terminated. This lack of specificity is compounded by the fact that she was not afforded an opportunity to confront the allegations before her dismissal. Therefore, we must conclude that her right to due process of law was not honored.

Therefore, we reverse the order of the district court, and remand in accordance with the views expressed herein.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., concur.