ORFINGER, Judge.
Fouraker appeals an order revoking Letters of Administration issued to him in the Estate of Audrey J. King, deceased, and appointing Eleanor Thiele Carter as personal representative of the estate. We affirm.
Following the death of Audrey J. King, Fouraker filed a petition for administration of her estate, alleging that she had died intestate, that she had no known beneficiaries, and that in his capacity as a close friend he was entitled to be appointed as the personal representative of her estate. After his appointment, he discovered a will which he presented to the court with an amended petition requesting that the will be admitted to probate. Fouraker was neither a beneficiary nor named as personal representative in the will. Appellee Carter was the designated personal representative in the will, and she signed a written waiver of her right to serve in favor of Fouraker. The beneficiaries under the will similarly agreed that Fouraker could serve as per *750 sonal representative. These waivers were filed with Fouraker’s amended petition.
Prior to any action taken by the court on Fouraker’s petition to admit the will, Carter filed a petition to admit the will to probate, to revoke the letters of administration previously issued to Fouraker, and to designate her as personal representative of the estate, retracting her earlier waiver.[1] After several hearings, the probate court entered the orders appealed from, admitting the will to probate, appointing Carter as personal representative, and revoking the letters of administration previously issued to Fouraker.
Fouraker raises one point only. He contends that Carter, having renounced in writing her right to serve as personal representative, could not retract that renunciation, and it was therefore error to appoint her as personal representative under the will. We do not find any support for that position.
Section 733.301(6), Florida Statutes (1985) provides:
After letters have been granted in either a testate or an intestate estate, if any will is subsequently admitted to probate the letters shall be revoked and new letters granted as provided in subsection (1).
This provision makes it mandatory that letters of administration issued in what was believed to be an intestate estate, be revoked when a later discovered will is admitted to probate. Upon admission of the will, the personal representative nominated by the will is entitled to preference of appointment. § 733.301(l)(a), Fla.Stat. (1985). Although we have discovered no Florida cases directly on point, the general rule throughout the country is that a party may retract any renunciation of his right to act as personal representative, provided he do so before the grant of letters to another, or after the grant of letters to another if the office of personal representative later becomes vacant. See 31 Am.Jur.2d Executors and Administrators, § 81 (1967); 33 C.J.S. Executors and Administrators, § 29 (1942); Annot., 153 A.L.R. 220 (1944). See also Estate of Kaluza, 62 Ill.App.3d 267, 19 Ill.Dec. 563, 379 N.E.2d 78 (1978); In re: Pafelis’ Estate, 108 N.H. 284, 233 A.2d 825 (1967); In re Estate of Silvagni, 76 Nev. 93, 349 P.2d 1062, 1066 (1960).
Here, Carter withdrew her renunciation before the will was admitted to probate and before anyone else was appointed under the will. We find no error in the probate court’s recognition of her right to retract her earlier renunciation or in appointing her as personal representative in accordance with the provisions of the will.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. In her petition, Carter alleged that Fouraker had misrepresented certain facts to her in obtaining her renunciation to serve as personal representative. The trial court did not rule on this issue, so we do not consider it now.