RUTH WOLZINGER and MELVIN WOLZINGER, Petitioners, v. EIGHTH JUDICIAL DISTRICT COURT IN AND FOR THE COUNTY OF CLARK, STATE OF NEVADA, and THE HONORABLE THOMAS A. FOLEY, DISTRICT JUDGE, Respondents, and FIRST INTERSTATE BANK OF NEVADA, N.A., Real Party in Interest.

No. 18715

MELVIN WOLZINGER, Petitioner, v. EIGHTH JUDICIAL DISTRICT COURT, and THE HONORABLE MYRON E. LEAVITT, and THE HONORABLE THOMAS A. FOLEY, DISTRICT JUDGES, Respondents.

No. 18912

IN THE MATTER OF THE ESTATE OF HAZEL MAE WILSON, DECEASED; RUTH WOLZINGER, Appellant, v. FIRST INTERSTATE BANK OF NEVADA, N.A., Respondent.

No. 18972

IN THE MATTER OF THE ESTATE OF EARL ELY WILSON, DECEASED; OSCAR HARTWIG, Appellant, v. FIRST INTERSTATE BANK OF NEVADA, N.A., Respondent.

No. 19223

IN THE MATTER OF THE ESTATE OF HAZEL MAE WILSON, DECEASED; EARL RAY SITTON, JUDITH VAN DUSEN, THOMAS ISENBERG and FERNE BISBEE, Appellants, v. FIRST INTERSTATE BANK OF NEVADA, N.A., Respondent.

No. 19269

April 20, 1989                    773 P.2d 335

[Rehearing denied June 26, 1989]

*Lionel Sawyer & Collins* and *Mark A. Solomon,* Las Vegas, for Wolzingers and Hartwig.

*Miles, Pico & Mitchell* and *Gary L. Myers,* Las Vegas, for First Interstate Bank of Nevada, N.A.

*John Peter Lee* and *Grenville T. Pridham* and *Daniel Marks,* Las Vegas, for Sitton, Van Dusen, Isenberg, and Bisbee.

## OPINION

*Per Curiam:*

This opinion considers two petitions for extraordinary writs, and three appeals from orders of the district court.

Docket No. 18715 is a petition for writs of certiorari, prohibition and mandamus. Petitioners Melvin and Ruth Wolzinger challenge an order of the district court suspending Melvin Wolzinger from his position as executor of the estate of Hazel Mae Wilson, and appointing First Interstate Bank of Nevada (FIB) as special administrator.[1] Petitioners contend the district court's order is in excess of jurisdiction, void and unconstitutional as a violation of due process under the laws of Nevada and the Constitution of the United States. Petitioners seek to prohibit the district court from allowing FIB to continue to act as special administrator of the estate of Hazel Mae Wilson. Petitioners contend that Ruth Wolzinger is entitled to the position of special administrator as the preferred party named in the will of Hazel Mae Wilson, pursuant to NRS 140.020(3).

Docket No. 18912 is a petition for a writ of mandamus or, alternatively, prohibition. Petitioner Melvin Wolzinger challenges an order of respondent District Judge Myron E. Leavitt

---

[1] Petitioners also challenged the district court's order denying Ruth Wolzinger's request to be appointed successor executor to the estate of Hazel Mae Wilson. In an order dated March 7, 1988, this court indicated that the district court's order is appealable, and we declined to review this claim in this original proceeding. This claim is properly raised in Docket No. 18972, which has been consolidated herewith.

denying petitioner's motion to disqualify respondent District Judge Thomas A. Foley in the probate proceedings involving the estate of Earl Ely Wilson. Petitioner seeks an order compelling the disqualification of District Judge Foley or, in the alternative, prohibiting Judge Foley from acting as judge in any matter concerning the estates of Earl Ely Wilson and Hazel Mae Wilson.

Docket No. 18972 is an appeal by Ruth Wolzinger from an order of the district court denying her petition for letters testamentary in the estate of Hazel Mae Wilson.

Docket No. 19223 is an appeal by Oscar Hartwig from an order of the district court denying his petition for letters testamentary in the estate of Earl Ely Wilson.

Docket No. 19269 is an appeal by Earl Ray Sitton, Judith Van Dusen, Thomas Isenberg, and Ferne Bisbee from an order of the district court denying Earl Ray Sitton's petition for letters of administration in the estate of Hazel Mae Wilson.

## FACTS

Earl Ely Wilson died on January 11, 1984. Paragraph eight of his last will and testament provides:

> I nominate, constitute and appoint Melvin Wolzinger, JAY H. BROWN and GOODMAN, OSHINS, BROWN & SINGER, CHARTERED, in the order named, as Executor of this Will. If they shall for any reason fail to qualify or cease to act as such Executor, the law firm of GOODMAN, OSHINS, BROWN & SINGER, CHARTERED, its successors or assigns, (or if GOODMAN, OSHINS, BROWN & SINGER, CHARTERED shall fail to act, by the Court having jurisdiction over the probate of my estate) shall designate a successor or substitute Executor by filing a written instrument with the Court having jurisdiction over the probate of my estate. . . .

On February 10, 1984, the district court confirmed Melvin Wolzinger as executor of the estate of Earl Ely Wilson.

Hazel Mae Wilson, widow of Earl Ely Wilson and principal beneficiary of Earl's estate, died on June 6, 1986. Paragraph nine of her last will and testament provides:

> I nominate, constitute and appoint Melvin Wolzinger as Executor of this Will. If he shall for any reason fail to qualify or cease to act as such Executor, then I nominate Ruth Wolzinger or JAY H. BROWN, in the order named, Executrix or Executor in his place and stead. The term "my Executor" as used in this Will shall include any personal representative of my estate. No bond shall be required of any Executor nominated in this Will.

On July 21, 1986, Melvin Wolzinger was approved as executor of the estate of Hazel Mae Wilson.

On October 15, 1987, District Judge Foley, on his own motion, issued an order suspending Melvin Wolzinger from his duties as executor of the estate of Hazel Mae Wilson. Judge Foley appointed FIB as special administrator of the estate of Hazel Mae Wilson, and ordered Melvin Wolzinger to show cause why he should not be removed as executor of the estate of Earl Ely Wilson. Both the order of suspension and the order to show cause are based on Melvin Wolzinger's failure to file an inventory within sixty (60) days after his appointment as executor as mandated by NRS 144.010, his failure to act on creditor's claims within fifteen (15) days after expiration of the time for filing such claims as required by NRS 147.110, and his failure to file promptly the first accounting as required by NRS 150.090.

A hearing on the order to show cause was held on December 4, 1987. At that hearing Melvin Wolzinger filed a first accounting pursuant to NRS 150.090 for both estates. After receiving testimonial evidence, Judge Foley took the matter under submission. On December 18, 1987, before Judge Foley issued a decision, Melvin Wolzinger submitted his resignation as executor of both the Hazel Mae Wilson and the Earl Ely Wilson estates.

On December 18, 1987, the day Melvin Wolzinger submitted his resignations, Ruth Wolzinger, Melvin's wife, filed a petition for appointment as successor executrix and for letters testamentary to the estate of Hazel Mae Wilson. Ruth Wolzinger was designated under the will of Hazel Mae Wilson as successor executrix if Melvin Wolzinger ceased to act or was unable to fulfill his duties as executor. FIB opposed Ruth Wolzinger's petition. FIB contended that, because Melvin Wolzinger may be subject to surcharge resulting from his execution of the Hazel Mae Wilson estate, the appointment of Ruth Wolzinger as executrix might give rise to a conflict of interest. Judge Foley denied Ruth Wolzinger's petition without addressing the merits. The basis for the denial was that no vacancy existed for the executor position in Hazel Mae Wilson's estate on December 18, 1987.[2]

---

[2]NRS 141.080 provides in relevant part:

> An executor . . . may resign his appointment at any time, by a writing filed in the district court, to take effect upon the settlement of his accounts.

Although not stated in the district court's order denying Ruth Wolzinger's petition, Melvin Wolzinger had not settled his accounts on the date of his resignation, and therefore his resignation was not effective on that date. FIB objected to the first accounting on January 8, 1988. By January 20, 1988, the day of the hearing on the petition of Ruth Wolzinger, no hearing had been set for objection to the first accounting.

Paragraph eight of Earl Ely Wilson's will nominated Jay H. Brown, and the law firm of Goodman, Oshins, Brown & Singer, Chartered, its successors or assigns, in that order, to fill the position of executor, if for any reason Melvin Wolzinger failed to qualify or was unable to act as executor. On December 18, 1987, Jay H. Brown filed a declination to act and a renunciation of right to letters testamentary, thereby giving up his right to act as executor of the Earl Ely Wilson estate. The law firm of Goodman, Oshins, Brown & Singer also filed a declination to act as executor, stating that the aforementioned law firm no longer existed. However, the law firm did assert its right, by and through its alleged corporate successor in interest, to nominate Oscar Hartwig for the position of successor executor. On January 21, 1988, at the hearing on the petition of Oscar Hartwig to become successor executor in Earl Ely Wilson's estate, Judge Foley, ruling from the bench, denied the petition, finding the alleged corporate successor to be incompetent to nominate an executor.

On June 1, 1988, Earl Ray Sitton (Sitton) petitioned the district court for letters of administration in the estate of Hazel Mae Wilson, pursuant to NRS 141.070.[3] Sitton is the son of Ferne Bisbee (Bisbee), the sister of Hazel Mae Wilson. Bisbee nominated Sitton for the position of administrator. Judge Foley denied the Sitton petition on the ground that the district court was divested of jurisdiction in the estate of Hazel Mae Wilson, pending the appeal of Ruth Wolzinger.

## Docket No. 18715

In Docket No. 18715, Melvin and Ruth Wolzinger petition this court for a writ of certiorari to review the order of the district court suspending Melvin Wolzinger from his position as executor of the Hazel Mae Wilson estate and appointing FIB as special administrator. This court has often stated that the inquiry upon a petition for a writ of certiorari is limited to whether the inferior tribunal acted in excess of its jurisdiction. If it is determined that the act complained of was within the jurisdiction of the tribunal, this court's inquiry stops even if the decision or order of the lower court was incorrect. *See* Goicoechea v. District Court, 96

---

[3]NRS 141.070 provides in relevant part:

If all the executors or administrators die or from any cause become incapable of executing the trust, or the authority of all of them is revoked or annulled according to law, the district court shall direct letters of administration with the will annexed, or otherwise, to be issued to the surviving husband or wife, next of kin or others, in the same manner as directed in relation to original letters of administration.

Nev. 287, 607 P.2d 1140 (1980); Iveson v. District Court, 66 Nev. 145, 206 P.2d 755 (1949).

The district court's jurisdiction to suspend an executor and appoint a special administrator is provided by NRS 141.090 and NRS 141.100. NRS 141.090 provides in relevant part:

> Whenever a district judge has reason to believe, from his own knowledge or from credible information, that any executor or administrator:
>
> . . . .
> 4. Has wrongfully neglected the estate; or
> 5. Has unreasonably delayed the performance of necessary acts in any particular as executor or administrator;
> he shall, by an order entered upon the minutes of the court, suspend the powers of the executor or administrator until the matter can be investigated.[4]

The district court's jurisdiction is further defined by NRS 141.100, which provides:

> During the suspension of the powers of an executor or an administrator, as provided in NRS 141.090, the district court or judge, if the condition of the estate requires it, may appoint a special administrator to take charge of the effects of the estate, who shall give bond and account as other special administrators are required to do.

The district court acted within its jurisdiction, pursuant to NRS 141.090 and 141.100, when it suspended Melvin Wolzinger from his position as executor of the Hazel Mae Wilson estate and appointed a special administrator.

Petitioners additionally argue that to suspend Melvin Wolzinger from his position as executor without the benefit of a pre-suspension or post-suspension hearing constituted a denial of due process, and was therefore in excess of the district court's jurisdiction. See Watson v. Housing Authority, 97 Nev. 240, 242, 627 P.2d 405, 407 (1981) (for purposes of writ of certiorari, the term "jurisdiction" has a broader meaning that the concepts of personal and subject matter jurisdiction, and includes constitutional limitations). Petitioners' contention that Melvin Wolzinger was entitled to a pre-suspension hearing is without merit. NRS 141.110 contemplates that a hearing on an order to show cause

---

[4]The record on appeal does not indicate the nature or source of the information Judge Foley relied on when suspending Melvin Wolzinger in the estate of Hazel Mae Wilson.

shall occur after the order of suspension is entered by the district court.[5]

Petitioners argue that by indefinitely suspending Melvin Wolzinger without affording him the post-suspension hearing required by NRS 141.110, the district court effectively deprived Melvin Wolzinger of his position as executor of the estate of Hazel Mae Wilson. Petitioners assert that indefinite suspension from the position of executor constitutes a denial of due process, and that the position of executor is a property right because that right was a "legitimate claim of entitlement" under Board of Regents v. Roth, 408 U.S. 564 (1972).

Assuming, without deciding, that Melvin Wolzinger had a legitimate claim of entitlement to the position of executor, we note that on December 18, 1987, Melvin Wolzinger resigned as executor of the estate of Hazel Mae Wilson pursuant to NRS 141.080. When an individual voluntarily resigns an office or position, he waives his right to the procedural protection to which he otherwise would be entitled. Morrell v. Stone, 638 F.Supp. 163 (W.D.Va. 1986). Cf. Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982) (court concluded that "it is not a deprivation of due process of law to be put to the option of defending oneself in a proper dismissal hearing or voluntarily accepting a change in one's job status"). The issues concerning Melvin Wolzinger's claim of entitlement to a protectable property right and the alleged denial of due process were rendered moot when Melvin Wolzinger voluntarily resigned from his position as executor of the Hazel Mae Wilson estate. Accordingly, we deny petitioner's petition in Docket No. 18715 to the extent that it seeks issuance of a writ of certiorari.

Petitioners also seek in Docket No. 18715 a writ of prohibition to preclude the lower court from allowing FIB to continue as special administrator and a writ of mandamus to compel the district court to appoint Ruth Wolzinger as special administrator of the estate of Hazel Mae Wilson. Petitioner's claim has merit in light of NRS 140.020 which directs that the person entitled to letters testamentary or letters of administration shall be given preference. In light of our disposition of the appeal in Docket No.

---

[5]NRS 141.110 (emphasis added) provides in relevant part:

1. *When the suspension has been made,* the clerk shall issue a citation, reciting the order of suspension, to the executor or administrator to appear before the court at a time therein to be stated, as fixed by the court or judge, to show cause why his letters should not be revoked.

18972, however, these issues are rendered moot. Accordingly, we deny petitioners' petition in Docket No. 18715 for writs of mandamus and prohibition.

## Docket No. 18912

In Docket No. 18912, Petitioner Melvin Wolzinger seeks a writ of mandamus compelling Judge Leavitt to grant his petition to disqualify Judge Foley or, alternatively, a writ of prohibition prohibiting Judge Foley from acting as judge in any further proceedings involving the estate of Earl Ely Wilson.[6]

A writ of prohibition will issue only where the district court has acted in excess of its jurisdiction. *See* Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980). Because Judge Leavitt had jurisdiction to consider petitioner's challenge to Judge Foley for bias, *see* NRS 1.235(5), and Judge Foley has jurisdiction in the matters pending below, a writ of prohibition cannot issue.

A writ of mandamus will issue to compel the performance of an absolute duty enjoined by law or to control the abuse of discretion by a lower tribunal. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). In this case, we conclude that Judge Leavitt had no absolute duty to disqualify Judge Foley, and that Judge Leavitt did not abuse his discretion in finding no actual or implied bias on the part of Judge Foley. Accordingly, we deny the petition in Docket No. 18912. Nevertheless, in light of our disposition of the appeals in this matter, *infra,* and in the interest of avoiding a potential appearance of impropriety and further delay occasioned by any future objections to Judge Foley's participation, we direct the Chief Judge of the Eighth Judicial District Court to assign all further proceedings in these matters to another judge not previously involved in these cases.[7] *See* Nev. Const. art. 6, § 19(1); Lane v. District Court, 104 Nev. 427, 760 P.2d 1245 (1988).

---

[6]Melvin Wolzinger also seeks an order disqualifying Judge Foley from further participation in the proceedings in the estate of Hazel Mae Wilson. We note, however, that petitioner has not challenged Judge Foley in the proceedings concerning the estate of Hazel Mae Wilson below, and this portion of this petition is therefore not properly before this court. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).

[7]This court is aware that there is a high probability of further objections to Judge Foley continuing to preside in future proceedings in this matter.

Docket No. 18972

In Docket No. 18972, Ruth Wolzinger appeals from the district court's order denying her petition for letters testamentary in the estate of Hazel Mae Wilson. Judge Foley denied the petition on the ground that no vacancy existed for the position because FIB was serving as special administrator. This was an improper basis for denying the petition. This court has previously stated, "A special administrator is not a general representative of the estate. He is an emergency officer with limited authority to care for and preserve the estate until an executor or general administrator is ascertained or appointed as its proper legal representative." Bodine v. Stinson, 85 Nev. 657, 660, 461 P.2d 868, 871 (1969). In fact, it is questionable whether a special administrator has the authority to object to or challenge a petition for letters testamentary, that power properly lying with parties interested in the estate. NRS 138.050(1). *Cf.* In re Santini's Estate, 56 Nev. 350, 52 P.2d 338 (1936) (interpreting the predecessor to NRS 137.010, allowing only interested persons to contest a will, this court held that a special administrator was not an interested person under the statute).

In the Last Will and Testament of Hazel Mae Wilson, Ruth Wolzinger is unequivocally nominated as successor executrix, if for any reason the executor fails to qualify or ceases to act as executor. Ruth Wolzinger correctly relies on this court's holding in Foley v. Silvagni, 76 Nev. 93, 100, 349 P.2d 1062, 1065-1066 (1960), which states: "Absent any right of discretion created by statute, no discretion rests in the probate court in respect to the issuance of letters testamentary to the person nominated in the will. The testator has the absolute right to select the executor to carry out the provisions of his will. . . ."

Respondent FIB contends that Ruth Wolzinger should be disqualified as executrix of the estate of Hazel Mae Wilson. FIB asserts that Ruth Wolzinger is presumed to be under the control of her husband, and that since Melvin Wolzinger may be subject to surcharge resulting from his execution of the Hazel Mae Wilson estate, the confirmation of Ruth Wolzinger as executrix would create a potential conflict of interest. The potential conflict of interest alleged by respondent FIB does not warrant disqualification of Ruth Wolzinger as executrix. The grounds for disqualification of an executor or executrix are provided by NRS 138.020(1):

> 1. No person is competent to serve as an executor or executrix who, at the time the will is probated:

(a) Is under the age of majority;

(b) Has been convicted of a felony;

(c) Upon proof, is adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of integrity or understanding; or

(d) Is a banking corporation whose principal place of business is not in the State of Nevada, unless it associates a coexecutor a banking corporation whose principal place of business is in this state. . . .

Pursuant to the statute, a spouse is not disqualified from serving as executrix because of a potential adverse interest in the estate proceedings. *Cf.* Dickerson v. District Court, 82 Nev. 234, 414 P.2d 946 (1966) (alleged "adverse interest" did not disqualify niece of decedent from appointment as administrator of estate). Because no valid grounds for disqualification pursuant to NRS 138.020 were presented to the court below, we reverse the order of the district court denying Ruth Wolzinger's petition for letters testamentary, and we remand Docket No. 18972 to the district court with instructions to immediately appoint Ruth Wolzinger as executrix of the estate of Hazel Mae Wilson and discharge FIB as special administrator of this estate.

## Docket No. 19223

On December 18, 1987, Oscar Hartwig, appellant in Docket No. 19223, filed a petition for appointment as successor executor of the estate of Earl Ely Wilson. On December 31, 1987, FIB, as special administrator of the estate of Hazel Mae Wilson, objected to the appointment of Hartwig as executor on the grounds that Hartwig had a conflict of interest with the estate, and Hartwig's nominators were not competent to nominate anyone for the position. As noted above, the allegation of a potential conflict of interest does not disqualify Hartwig from the position of successor executor of the estate of Earl Ely Wilson.

The record below shows that the issue regarding the existence of corporate successors or assigns to the firm of Goodman, Oshins, Brown & Singer, Chartered, was never fully litigated. This was in part due to the eleventh-hour filing of the affidavit of Michael H. Singer, asserting that the corporate successor is a presently existing law firm. Therefore, we vacate the order of the district court denying the petition of Oscar Hartwig, and we remand Docket No. 19223 to the district court for a full evidentiary hearing to determine whether there is a corporate successor or assign to the law firm of Goodman, Oshins, Brown & Singer, Chartered. This hearing shall be conducted before a new district judge, as the chief judge shall assign.

## Docket No. 19269

In Docket No. 19269, Earl Ray Sitton, Judith Van Dusen, Thomas Isenberg, and Ferne Bisbee appeal from the order of the district court denying the petition of Earl Ray Sitton for letters of administration in the estate of Hazel Mae Wilson. This appeal has been rendered moot by the opinion of this court in Docket No. 18972, the appeal of Ruth Wolzinger in the estate of Hazel Mae Wilson. Accordingly, we dismiss Docket No. 19269.[8]

---

[8]THE HONORABLE JUSTICE JOHN MOWBRAY voluntarily recused himself from these matters.