943 So.2d 1007 (2006)
Andrew J. WERNER, Appellant,
v.
ESTATE OF Vivian K. McCLOSKEY a/k/a Vivian Mary McCloskey, Appellee.
No. 1D06-3520.
District Court of Appeal of Florida, First District.
December 13, 2006.
William Nussbaum, and Hollyn J. Foster of Slott, Barker & Nussbaum, Jacksonville, for Appellant.
*1008 Frederick R. Brock of Gartner, Brock and Simon, Jacksonville, for Appellee.
WEBSTER, J.
Appellant, the personal representative named in his late mother's will, seeks review of a final order denying his request that he be appointed personal representative and, instead, appointing his sister, Ann Niznik, who had been named by their mother as alternate personal representative should appellant be unable to serve. Because we conclude that no legal basis existed for denying appellant's request, we reverse and remand with directions that the trial court replace Ms. Niznik with appellant.
Section 733.301(1)(a), Florida Statutes (2005), provides that, in testate estates, preference in granting letters of administration must be accorded to "[t]he personal representative . . . nominated by the will. . . ." Moreover, "[i]t is a well recognized principle of law that a testator has the right to name the person who shall administer his estate provided such person is not disqualified by law." Pontrello v. Estate of Kepler, 528 So.2d 441, 442 (Fla. 2d DCA 1988) (citations omitted). "The general rule is that trial courts are without discretion to refuse to appoint the personal representative specified by the testator in the will unless the person is expressly disqualified under the statute or discretion is granted within the statute." In re Estate of Miller, 568 So.2d 487, 489 (Fla. 1st DCA 1990) (citations omitted).
Here, the trial court appointed Ms. Niznik rather than appellant because it concluded that appellant "ha[d] a conflict of interest with the estate" (the precise nature of which was not identified). Nothing in section 733.301(1)(a) purports to vest discretion in the trial courts to disregard the preference there specified, as long as the personal representative nominated by the decedent is statutorily qualified to serve. Sections 733.302 and 733.303(1), together, set out the qualifications required of one who wishes to serve as a personal representative. Section 733.302 requires that the person be "sui juris" and "a resident of Florida at the time of the death of the person whose estate is to be administered." It is undisputed that appellant satisfied these two requirements. Section 733.303(1) states that one who "[h]as been convicted of a felony," "[i]s mentally or physically unable to perform the duties," or "[i]s under the age of 18 years" is not qualified to serve. There is no suggestion that appellant suffers from any of these deficiencies. In short, there is nothing in the relevant provisions of the Florida Probate Code that suggests that a person named in a decedent's will as personal representative need not be appointed if he or she has a conflict of interest with the estate. We must, of course, give effect to the intent of the legislature as expressed by the words used. However, even were this not the case, we would reverse because our review of the record reveals no competent substantial evidence from which a trier of fact might conclude that appellant did, in fact, have a conflict of interest at the time he requested appointment. We note that, to the extent that, on remand, there exists a legitimate concern about whether appellant has a conflict of interest, section 733.504(9), which lists causes for removal of a personal representative once appointed, includes as a ground "[h]olding or acquiring conflicting or adverse interests against the estate that will or may interfere with the administration of the estate as a whole."
We reverse the trial court's appointment of Ms. Niznik, and remand with directions that the trial court substitute appellant as personal representative.
*1009 REVERSED and REMANDED, with directions.
BENTON and VAN NORTWICK, JJ., concur.