991 So.2d 437 (2008)
Ferral Lee McCORMICK, Jr., Appellant,
v.
Timothy L. McCORMICK, Appellee.
No. 1D07-6249.
District Court of Appeal of Florida, First District.
September 29, 2008.
*438 Jack Locklin, Jr. of Locklin, Jones & Saba, P.A., Milton, for Appellant.
Laura Joyner Nye of Lindsay & Andrews, P.A., Milton, for Appellee.
KAHN, J.
We have for review an order admitting to probate the Last Will and Testament of decedent Ferral Lee McCormick, Sr., but denying letters of administration to appellant Ferral Lee McCormick, Jr., whom the testate decedent had duly nominated as personal representative. We reverse because appellant is entitled to priority in appointment as personal representative, and the order on review advances no reason why such a priority should have been discarded by the lower court.

Background
The path this probate case has taken is unusual, but apparently not unprecedented. Decedent passed away in 1999. In November 2006, appellee, Timothy McCormick, half-brother of appellant and son of the decedent, filed a petition for administration of his father's estate as an intestate proceeding and sought appointment as personal representative. The day after this filing, letters of administration issued appointing appellee as personal representative. In January 2007, appellee sought leave to file an amended petition for administration. By order, the probate court allowed filing of the amended petition. Thereafter, appellant answered the amended petition and also filed and served a counter-petition for administration. In the counter-petition, appellant identified the decedent's last will and testament, proffered the same for administration, and sought appointment as personal representative of the decedent's estate based upon decedent's nomination of appellant in the Last Will and Testament. The counter-petition also sought revocation of the previously issued letters of administration to appellee.
When the matter came on for hearing sometime afterward, two issues existed: (1) whether the will should be admitted to probate, and (2) whether appellant should be appointed personal representative in the place of appellee. The first issue was resolved when the parties stipulated to admission of decedent's Last Will and Testament to probate. The court then heard argument on the question of appointment of a personal representative, but took no evidence. Shortly after the hearing, the order here under review issued, stating in pertinent part that Timothy McCormick "shall continue to serve as personal representative of the decedent's estate."

Analysis
Below, appellee argued, and the trial court apparently concluded, that appellant's counter-petition came too late. Appellee bases his argument upon appellant's failure to plead responsively within twenty days of formal notice of the original petition for administration. Appellee reasons that entry of the ex parte order appointing a personal representative should be viewed as the functional equivalent of a default and, because appellant did not move to set that default aside, any pleadings served thereafter would have been untimely. This argument, adopted by the trial court, misses the mark.
First, the ex parte order appointing appellee as personal representative would not be viewed as the equivalent of a default, *439 because it was entered only one day after the first petition and prior to any notice to appellant. More importantly, by stipulating to the admission of decedent's Last Will and Testament to probate, appellee implicitly conceded that the proceeding below was for administration of a testate estate and not an intestate estate. Appellee's appointment depended upon intestacy because, without dispute, appellant is the duly nominated personal representative of the estate and, so far as the record tells, is qualified to serve. As provided by section 733.301(1)(a), Florida Statutes (1999), when granting letters of administration, the probate court shall, in testate estates, allow preference to the personal representative nominated by the will. "Nothing in section 733.301(1)(a) purports to vest discretion in the trial courts to disregard the preference there specified, as long as the personal representative nominated by the decedent is statutorily qualified to serve." Werner v. Estate of McCloskey, 943 So.2d 1007, 1008 (Fla. 1st DCA 2006).
We acknowledge that during the hearing below, counsel for appellee advanced arguments that appellant should not be appointed to act as personal representative due to allegations of certain conduct by appellant after the death of McCormick, Sr. The probate court did not, however, base its order upon any ground other than the timeliness of appellant's counter-petition for administration. This ground, as we have previously observed, is not valid. Pursuant to section 733.301(6), Florida Statutes (1999):
After letters have been granted in either a testate or an intestate estate, if any will is subsequently admitted to probate the letters shall be revoked and new letters granted as provided in subsection (1).
Accordingly, we find that the controlling statutes anticipate a situation such as occurred in the present case. Although letters of administration issued during administration of an apparently intestate estate, such letters must be revoked "when a later discovered will is admitted to probate." Fouraker v. Carter, 507 So.2d 749, 750 (Fla. 5th DCA 1987). "Upon admission of the will, the personal representative nominated by the will is entitled to preference of appointment." Id.
By stipulating to admission of the will to probate, appellee waived any conceivable objections to timeliness of either the answer or the counter-petition advancing the will and seeking to procure appointment of appellant as personal representative. The trial court certainly acted properly by admitting the will to probate, but erred by failing to appoint Ferral Lee McCormick, Jr., as personal representative for administration of the testate estate. That portion of the order on review reaffirming appellee Timothy McCormick as personal representative must be VACATED. The case is REMANDED for further proceedings consistent with this opinion.
LEWIS, and POLSTON, JJ., concur.