PER CURIAM.
 

 This appeal must be dismissed for lack of jurisdiction. The notice of appeal filed on January 31, 2011, is untimely as to the “Order Appointing Personal Representative; Order Waiving Bond of Personal Representative; and Order Admitting Will to Probate,” filed below on November 23, 2010. Fla. R. App. P. 9.110(b). Further, the subsequently issued “Letters of Administration” is not an appealable order that finally determines a right or obligation of an interested party.
 
 See
 
 § 731.201(24), Fla. Stat. (2010).
 
 Cf.
 
 Fla. R. App. P. 9.110(a)(2).
 

 The proceedings below were initiated by a “Petition to Admit Will of Decedent; Petition for Formal Administration; and Petition to Waive Bond of Personal Representative,” filed by the appellee, Angela C. Pappas, as guardian of the decedent’s spouse, on November 23, 2010. The trial court granted the petition in an order rendered the same day. The order noted that the issuance of Letters of Administration was conditioned upon compliance with Florida Probate Rule 5.235(a). However, despite lacking full compliance with the rule, the order went beyond appointing the person entitled and qualified to be personal representative,
 
 see
 
 Fla. Prob. R. 5.235(a)(1), and appointed John T. Marshall as personal representative of the estate. “The duties and powers of a personal representative commence upon appointment.” § 733.601, Fla. Stat. (2010). Therefore, the time to appeal the appointment ran from rendition of the order appointing the personal representative and not the date the letters issued.
 
 See generally Garcia v. Morrow,
 
 954 So.2d 656 (Fla. 3d DCA 2007) (reversing order, en
 
 *369
 
 tered without an evidentiary hearing, that appointed a personal representative).
 

 The appellants argue the Letters of Administration constitutes an appealable order because it effectively disposed of their objections to the appointment and their petition for appointment as personal representative.
 
 McCormick v. McCormick,
 
 991 So.2d 437 (Fla. 1st DCA 2008);
 
 Werner v. Estate of McCloskey,
 
 943 So.2d 1007 (Fla. 1st DCA 2006). While the trial court did not hold a hearing on the objections or counter-petition, the appellants contend that the issuance of letters necessarily terminated their right to challenge the appointment and denied their petition. § 733.2123, Fla. Stat. (2010). However, the appellants’ reliance on section 733.2123, Florida Statutes, is misplaced. The limitation imposed by this section may be invoked by a petitioner who has served formal notice of the petition for administration.
 
 Compare
 
 Fla. Prob. R. 5.201,
 
 with
 
 Fla. Prob. R. 5.240. The limitation does not apply to the appellants in this case because they were not served with formal notice. Therefore, issuance of letters did not necessarily dispose of the appellants’ objections and petition. Consequently, it is unnecessary at this time to determine whether Letters of Administration may constitute a final order disposing of pending matters where the Letters does not address those matters. Because there has been no order on the appellants’ objections or counter-petition, which remain pending, this appeal is premature. Fla. R. App. P. 9.110(i);
 
 see also McCormick,
 
 991 So.2d at 439 (Fla. 1st DCA 2008) (reversing order that erroneously failed to appoint the duly nominated personal representative although a different personal representative had previously been appointed).
 

 The appellants’ motion, served on July 1, 2011, seeking leave to schedule a hearing in the circuit court and seeking a third extension of time, is denied.
 
 See Benton v. Moore,
 
 655 So.2d 1272, 1273 (Fla. 1st DCA 1995).
 

 The appeal is hereby DISMISSED, without prejudice to the appellants’ right to bring a timely appeal once a final order on their objections and counter-petition has been rendered.
 

 HAWKES, CLARK, and SWANSON, JJ., concur.