# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
APPLICATION OF: SUMMER MARIE
HUDDLE, FOR NAME CHANGE.

No. 70074

SUMMER MARIE HUDDLE,
Appellant,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK,
Respondent.

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING JUDGMENT IN PART AND REMANDING*

This is an appeal from a district court order granting in part and denying in part a petition for a name change and gender marker change on a birth certificate. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

In 2015, appellant Shaun Mer Huddle, formerly known as Summer Marie Huddle, filed a petition for a name and gender marker change on his birth certificate. Appellant followed the requirements of NRS 440.305 and NRS 41.270, which govern name changes for birth certificates. The district court granted appellant's petition for a name change, but denied the request for a gender marker change because appellant failed to produce sufficient medical evidence. Appellant filed a motion for reconsideration, arguing that the district court denied him equal protection and due process under the federal and state constitutions. In his motion for reconsideration, appellant provided a letter from a

17-21260

marriage and family therapist certifying that appellant was treated for cross-gender identification and that appellant desired to be male. Ultimately, the district court denied appellant's request for a gender marker change, finding again that appellant had failed to provide sufficient medical evidence. This appeal followed.

Appellant argues that the district court's denial of his request for a gender marker change violated his equal protection rights and his due process rights. Although we are presented with appellant's constitutional arguments on appeal, we decline to address them.[1] *See Spears v. Spears*, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979) ("This court will not consider constitutional issues which are not necessary to the determination of an appeal."). Rather, our review of the trial court record indicates that while appellant requested an order for issuance of a new birth certificate reflecting a gender marker change, appellant's petition did not set forth the legal requirements for obtaining a gender marker change and did not indicate whether he had complied with those requirements. *See* NAC 440.026 (1984) (amended 2016); NAC 440.030 (1984) (amended 2016); NAC 440.130 (1976) (repealed 2016); *see also* NRS 440.155.[2] In denying appellant's request based on insufficient medical

---

[1]The record reflects at the district court level that no service has been made to the State Registrar or the Nevada Office of the Attorney General as to any alleged constitutional concerns. Additionally, the record does not reflect that either the State Registrar was served or that the Attorney General was an authorized agent for service on appeal. Instead, the record demonstrates an attempt to serve the Attorney General and the district court with this appeal, thus creating confusion as to which party is the proper respondent in this action.

[2]We note that effective November 2, 2016, the State Registrar's process for seeking a gender marker change to birth certificates has been amended. *See Adopted Regulations of the State Board of Health*, LCB File

 

evidence, the district court cited no controlling Nevada legal authority. Accordingly, we determine that this matter should be remanded to provide appellant with the opportunity to supplement his petition with the legal requirements for the issuance of a new birth certificate based on a gender marker change and to set forth whether those requirements have been satisfied for the district court's review. Alternatively, appellant may request on remand the dismissal without prejudice of the portion of his petition requesting a gender marker change so that he may seek relief from the State Registrar under the amended provisions of NAC 440.030.

On remand, we also direct the Chief Judge of the Eighth Judicial District Court to assign this case to a new judge. *See Ryan's Express Transp. Servs. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 300, 279 P.3d 166, 173 (2012) (recognizing this court has inherent authority to do what is "reasonable and necessary for the administration of court procedure and management of judicial affairs" (internal quotation marks omitted) (emphasis omitted)); *Leven v. Wheatherstone Condo. Corp.*, 106 Nev. 307, 310, 791 P.2d 450, 451 (1990) ("[B]ecause the district court judge has expressed herself in the premises, we direct the Chief Judge . . . to assign a different judge to hear the trial of this matter."); *Wolzinger v. Eighth Judicial Dist. Court*, 105 Nev. 160, 168, 773 P.2d 335, 340 (1989) ("[I]n the interest of avoiding a potential appearance of impropriety and

---

No. R066-16, Section 14 (amending NAC 440.030), Section 37 (repealing NAC 440.130). In particular, NAC 440.130, which required a court order for a new birth certificate for a person having a sexual transformation, was repealed. *Id.* Additionally, NAC 440.030 was amended to allow a person seeking to alter the gender on a birth certificate to file with the State Registrar a principle affidavit and a supplementary affidavit or other verifiable evidence corroborating the facts contained in the principle affidavit. *Id.*

Supreme Court
OF
Nevada

(O) 1947A

3

further delay . . . we direct the Chief Judge . . . to assign all further proceedings in these matters to another judge . . . .").[3]

---

[3]In light of this order, we take no action on the "Notice of Mootness" filed March 31, 2017, and we deny the motion for limited remand and the motion to stay, both filed May 2, 2017, as moot. We also take no action on respondent's notice of non-opposition to the Attorney General's representation of respondent filed on May 17, 2017, or on the Attorney General's response to the notice filed on May 23, 2017.

Based on the foregoing, we ORDER the judgment of the district court VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chief Judge, The Eighth Judicial District Court
        Hon. Mathew Harter, District Judge
        Nevada Legal Services/Las Vegas
        Randal G. Forma
        Eighth District Court Clerk

