[No. 2423]

## Y. ARASCADA, PETITIONER, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF HUMBOLDT; HON. JAMES A. CALLAHAN, THE JUDGE THEREOF; W. H. SPRINGER AND GEORGE BRADY, RESPONDENTS.

[189 Pac. 621]

1. PROHIBITION—WRIT ISSUES ONLY IN URGENT CASES, AND NOT IF COURT HAD JURISDICTION.

   Prohibition will issue only in urgent cases, and will not issue at all if the court sought to be restrained had jurisdiction to hear and determine matter under consideration.

2. INDICTMENT AND INFORMATION—DEFECT IN DUPLICITOUS INDICTMENT CURED BY VERDICT CONVICTING OF ONLY ONE OFFENSE.

   Where petitioner was convicted of but one offense under a duplicitous indictment, the defect therein was cured by the verdict.

ORIGINAL PROCEEDING.  Application for a writ of prohibition by Y. Arascada against the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt, and Hon. James A. Callahan, Judge thereof, and W. H. Springer and George Brady. **Alternative writ quashed, and proceedings dismissed. Petition for rehearing denied.**

*Campbell, Robins & Salter,* for Petitioner:

An indictment charging two crimes, in the presence of a demurrer, is in no better position in resisting a writ of prohibition than is a civil complaint which unites two or more causes of action forbidden by the law. And more especially when the indictment and its duplicitous character cannot be reviewed by appeal. Where a statute makes a specific direction and prohibits the institution of a proceeding in other than the designated form, refusal of the trial court to observe the inhibitions is to ignore a jurisdictional requisite, and such may be the subject of prohibition. Walser v. Moran, 42 Nev. 111.

When the lower court has misconceived the law, the

writ will issue. Floyd v. District Court, 21 Nev. 409; Roberts v. District Court, 43 Nev. 332.

*Thomas E. Powell,* District Attorney, for Respondents:

The writ of prohibition will not lie to correct errors of law, where the court has jurisdiction to pass upon and decide the legal questions. Nevada Central v. District Court, 21 Nev. 409; State v. Frazier, 167 N. W. 510; Rankin v. Superior Court, 106 Pac. 718; Corley v. Adair, 134 Pac. 835; State v. Court, 120 N. E. 335.

Where the court has jurisdiction of the subject-matter, it has jurisdiction to pass upon the sufficiency of the indictment or complaint, and prohibition will not lie to review its decision. Bailey, Habeas Corpus, sec. 356; State·v. Evans, 60 N. W. 433; State v. Medler, 131 Pac. 976; Kitts v. Superior Court, 90 Pac. 977; Ex Parte Reuf, 89 Pac. 605; Borello v. Superior Court, 96 Pac. 404; Goldsmith v. Owen, 95 Ky. 420.

The indictment was not duplicitous, when measured by the rules applicable to indictments. "If the acts charged form component parts of or represent preliminary stages in a single transaction, they may be charged together, and the same is true of acts entering into a single and continuous transaction." 22 Cyc. 378, 379; Joyce on Indictments, sec. 404; Commonwealth v. Miller, 107 Pa. St. 276; Bradley v. State, 20 Fla. 738; State v. Climie, 12 N. D. 33; State v. Meada, 56 Kan. 690. "An indictment is not double because it charges several related acts, all of which enter into and constitute a single offense, although such acts may in themselves constitute distinct offenses." 22 Cyc. 385; 14 R. C. L. 195.

By the Court, COLEMAN, C. J.:

This is an application for a writ of prohibition to prevent the destruction of certain liquors, pursuant to an order made by the respondent court in a criminal action pending therein, wherein petitioner was convicted

of violating the prohibition statute. Upon arraignment petitioner demurred to the indictment upon the ground that it is duplicitous. The court overruled the demurrer; whereupon petitioner entered a plea of not guilty, and upon the trial was convicted.

Pursuant to section 11 of the prohibition act (Stats. 1919, p. 1), the court ordered that certain liquors which were found upon the premises described in the indictment be destroyed, and appointed respondents Springer and Brady to destroy them.

1. In an opinion this day filed in the habeas corpus proceeding wherein petitioner herein was the petitioner, we held adversely to certain contentions therein, which went to the constitutionality of the act in question. In this proceeding it is conceded that the question now urged is not such a jurisdictional one as would entitle petitioner to be discharged on habeas corpus, but one which justified the writ sought. It is a well-established rule in this state that the writ of prohibition will issue only in urgent cases, and will not issue at all if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration. Walcott v. Wells, 21 Nev. 47, 24 Pac. 367; 9 L. R. A. 59; 37 Am. St. Rep. 478; Low v. Crown Point, 2 Nev. 75.

It is said that the indictment was duplicitous, and that, this question having been raised by demurrer, the court had jurisdiction only to sustain the demurrer, and, having ruled erroneously thereupon, was ousted of jurisdiction to proceed to a trial of the case upon the merits.

The petition for the writ alleges, among other things, that upon the trial of petitioner he—

"was found guilty of the offense of keeping intoxicating liquors in a building owned and used by the defendant as a place where soft drinks are sold; or was found guilty of the offense of keeping liquors for sale — of which offense he was found guilty petitioner has no knowledge."

2. We do not concede that the indictment complained of is duplicitous (State v. Burns, 25 S. D. 364, 126 N. W. 572), but we do not deem it necessary to decide that question, for the reason that it appears from the petition that petitioner was convicted of one öffense only; and, this being true, if there was a defect it was cured by the verdict. 1 New Bish. Crim. Prac. sec. 443. In State v. Merrill, 44 N. H. 625, it is said:

"But it is held that duplicity in an indictment, whether in the same count or different ones, will be cured by a verdict of guilty as to one of the offenses, and not guilty as to the other. Wharton, Am. Cr. Law, 98; Arch. Cr. Pl. 50."

In State v. Miller, 24 Conn. 522, the court says:

"It is further claimed that the complaint is bad for duplicity. Without expressing any opinion whether there be ground for this objection, we are satisfied the objection comes too late after the verdict. * * * But it is extremely doubtful whether it can be made the subject of a motion in arrest of judgment, or of a writ of error, and it is cured by verdict of guilty as to one of the offenses, and not guilty as to the other, and the present case is that precisely."

See, also, 22 Cyc. 404, 7.

For the reasons given, it is ordered that the alternative writ issued herein be quashed, and that these proceedings be dismissed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.