JESS GOICOECHEA AND JOE JUARISTI, PETITIONERS, *v.* FOURTH JUDICIAL DISTRICT COURT IN AND FOR THE COUNTY OF ELKO, AND THE JUSTICE'S COURT FOR ELKO TOWNSHIP, THE NEVADA DEPARTMENT OF FISH AND GAME, THE NEVADA HIGHWAY PATROL, RESPONDENTS.

No. 10981

March 13, 1980                                607 P.2d 1140

*Evans & Bilyeu,* and *Zane S. Miles,* Elko, for Petitioners.

*Richard H. Bryan,* Attorney General, *Harry W. Swainston,* Deputy Attorney General, Carson City, and *Thomas L. Stringfield,* District Attorney, Elko County, for Respondents.

## OPINION

*Per Curiam:*

Petitioners have filed an original application for a writ of certiorari or, in the alternative, a writ of prohibition contending that respondent Fourth Judicial District Court erred when it reversed an order of the justice's court of Elko Township granting a motion to suppress certain evidence in a criminal proceeding wherein petitioners are charged with committing a misdemeanor.

Petitioners were charged with driving while under the influence of intoxicating liquor, a misdemeanor under NRS 484.379. The cases were set for trial in the justice's court of Elko Township. Prior to trial, petitioners filed a motion to suppress the results of a sobriety test and breathalyzer test on the grounds that such results were the fruits of an illegal search and were obtained in violation of petitioners' fourth amendment rights. The justice of the peace granted the motion and the state appealed to the district court. *See* NRS 189.120. The district court ruled that the motion to suppress should have been

denied and remanded the matter to the justice's court for further proceedings. The matter was then stayed pending resolution of the instant proceedings.

1. This court has often stated that the inquiry upon a petition for a writ of certiorari is limited to whether the inferior tribunal acted in excess of its jurisdiction.[1] *See* Iveson v. District Court, 66 Nev. 145, 206 P.2d 755 (1949); State ex rel. Hinckley v. Court, 53 Nev. 343, 1 P.2d 105 (1931); Phillips v. Welch, 12 Nev. 158 (1877). If it is determined that the act complained of was within the jurisdiction of the tribunal, our inquiry stops even if the decision or order was incorrect. Iveson v. District Court, *supra*. As this court appropriately stated in Martin v. District Court, 13 Nev. 85, 90 (1878):

> But the important question in this case is not whether the district court erred in reversing and setting aside the judgment of the justice's court, but whether it exceeded its jurisdiction. The proceeding is by *certiorari,* and if the district court had the power on appeal to hear and determine the question . . . then its order, no matter how erroneous, must stand.

Here, the district court clearly had the power, under NRS 189.120, to review the order of the justice's court granting the motion to suppress.[2] Thus, we may not inquire into the correctness of its action upon a petition for a writ of certiorari. *See* Luc v. Oceanic Steamship Co., 84 Nev. 576, 445 P.2d 870 (1968); Iveson v. District Court, *supra*.

Moreover, we have held that certiorari is not available to decide a question of the admissibility of evidence allegedly obtained in violation of constitutional requirements. Glass v. District Court, 87 Nev. 321, 486 P.2d 1180 (1971).

2. A writ of prohibition, like a writ of certiorari, will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration. Arascada v. District Court, 44 Nev. 37, 189 P. 621 (1920). The purpose

---

[1]NRS 34.020 provides in part:

"2. The writ [of certiorari] shall be granted in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. . . ."

[2]NRS 189.120 provides in part:

"1. The state may appeal to the district court from an order of a justice's court granting the motion of a defendant to suppress evidence. . . ."

of the writ of prohibition is not to correct errors, but to prevent courts from transcending the limitation of their jurisdiction in the exercise of judicial power. Walser v. Moran, 42 Nev. 111, 173 P. 1149 (1918), *modified on rehearing,* 42 Nev. 156, 180 P. 492 (1918).

Thus, since we have concluded that the district court did not exceed the limits of its jurisdiction in this case, prohibition will not lie to review its action. *See* Houston Gen. Ins. Co. v. District Court, 94 Nev. 247, 578 P.2d 750 (1978).

Application denied.