# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUMMERLIN HOSPITAL MEDICAL
CENTER, LLC D/B/A SUMMERLIN
HOSPITAL MEDICAL CENTER, A
FOREIGN LIMITED LIABILITY
COMPANY; CHW NEVADA IMAGING
COMPANY, LLC D/B/A NEVADA
IMAGING CENTERS, A DOMESTIC
LIMITED LIABILITY COMPANY;
THOMAS ROSS TETZLAFF, M.D.,
INDIVIDUALLY; BRIAN THONG
VOVAN, M.D., INDIVIDUALLY; BARRY
STEPHEN FRANK, M.D.,
INDIVIDUALLY; GIOIA &
ASSOCIATES, LTD. D/B/A
CHILDREN'S ACUTE CARE A/K/A
CHILDREN'S ACUTE CARE, INC.; YU
TIAN, M.D., P.C., A DOMESTIC
PROFESSIONAL CORPORATION; AND
YU TIAN, M.D., INDIVIDUALLY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND JERRY A. WIESE, II,
Respondents,
and
NYIESHA COSTA, INDIVIDUALLY
AND AS NATURAL MOTHER OF
NIKHELAIS COSTA, A MINOR CHILD,
DECEASED; AND THE ESTATE OF
NIKHELAIS COSTA, DECEASED,
Real Parties in Interest.

No. 65403

FILED

JAN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for writ of mandamus or prohibition challenging a district court order ruling a statute unconstitutional in a medical malpractice and professional negligence action.

Petitioners petition this court for a writ of mandamus, or alternatively, a writ of prohibition,[1] directing the district court to vacate a portion of its order finding that the $350,000 cap on noneconomic damages in NRS 41A.035 is unconstitutional. Petitioners argue that NRS 41A.035 does not violate a plaintiff's right of trial by jury, that NRS 41A.035 applies on a per-incident basis, and that medical malpractice actions against hospitals are "professional negligence" actions subject to NRS 41A.035.

Consistent with our recent holding in *Tam v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 80, 358 P.3d 234 (2015), we grant the petition and instruct the clerk of this court to issue a writ of mandamus

---

[1]"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); NRS 34.160. A writ of prohibition is applicable when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). Because the district court had jurisdiction to hear and decide the issue at hand, we treat this petition as one of mandamus. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (explaining that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

instructing the district court to vacate its order and to conduct further proceedings consistent with this court's holding in *Tam*.[2]

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]We note that Summerlin qualifies as a hospital under the definition of "medical malpractice" before it was repealed, the definition of "professional negligence," and the definition of a "provider of health care." *See* NRS 41A.009 (1989); NRS 41A.015; NRS 41A.017.

cc: Hon. Jerry A. Wiese, District Judge
Law Office of Arthur W. Tuverson
John H. Cotton & Associates, Ltd.
Hall Prangle & Schoonveld, LLC/Las Vegas
Mandelbaum, Ellerton & Associates
Carroll, Kelly, Trotter, Franzen, & McKenna & Peabody
Eglet Prince
Robert S. Peck
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk