# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGIUS & TERRY LLP, A FOREIGN
LIMITED LIABILITY PARTNERSHIP,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF WASHOE;
AND THE HONORABLE JEROME M.
POLAHA, DISTRICT JUDGE,
Respondents,
and
VISTA DEL SUR TOWNHOUSE
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Real Party in Interest.

No. 74046

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges the district court's denial of petitioner Angius & Terry, LLP's (AT) motion for summary judgment in a legal malpractice action.[1]

Having considered AT's petition and appendix, we conclude that AT has failed to meet its burden of showing that controlling authority clearly required that the district court grant its motion for summary judgment against real party in interest Vista Del Sur Townhouse Association's (Vista) legal malpractice claim when Vista terminated AT as

---

[1]In the alternative, AT seeks a writ of prohibition. A writ of prohibition is appropriate when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320. A writ of prohibition is improper here because the district court had jurisdiction to hear and determine the motion for summary judgment. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (stating that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

counsel to litigate a dispute, retained new counsel, and settled the underlying litigation with the assistance of new counsel. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see ANSE, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008) (providing that court generally exercises its discretion to consider petitions for writ relief challenging district court orders denying motions for summary judgment only if a statute or rule clearly requires summary judgment or an important issue of law requires clarification); *Andrews v. Saylor*, 80 P.3d 482, 486-87 (N.M. Ct. App. 2003) (holding that proximate cause determinations in legal malpractice actions are generally questions of fact and rejecting the idea that a jury cannot determine whether a hypothetical appeal would succeed). Admittedly, while a legal issue may warrant clarification, further district court proceedings will provide an opportunity for additional factual development that may proove useful in considering and resolving that issue if later raised on appeal. *Pan*, 120 Nev. at 224, 88 P.3d at 841.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jerome M. Polaha, District Judge
Angius & Terry LLP/Las Vegas
Carl M. Hebert
Nancy A. Gilbert, Esq.
Washoe District Court Clerk