IN THE SUPREME COURT OF THE STATE OF NEVADA

SHIRRON GAYLES-ZANDERS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81504

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This petition for a writ of mandamus or prohibition challenges a district court order granting the State's request to involuntarily medicate petitioner. While petitioner concedes that the State has a significant interest in bringing petitioner to competence for trial on a charge of murder, petitioner argues that the State did not present a treatment regimen that specified the medication(s), maximum dosage, or duration. We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of an extraordinary writ is warranted. *See* NRS 34.160.

The district court heard uncontroverted medical evidence that later-generation antipsychotic and mood-stabilizing medications were substantially likely to render petitioner competent for trial without a substantial risk of interfering with her ability to assist counsel,[1] there were

---

[1]The testimony identified several medications that could be administered and explained that petitioner would start with the lowest dosage. The testimony indicated that first-generation antipsychotics were more likely to cause neuro-cognitive side effects, the next generation medicines were designed to address these side effects, and that first-

20-34497

not any less intrusive alternatives,[2] and treatment with later-generation antipsychotics and mood-stabilizing medications was medically appropriate and she would be medically monitored for any adverse side effects. Petitioner testified that she did not want to take the medication even if her medical concerns about the medications were addressed. At the conclusion of the hearing, the district court found there was an important governmental interest at stake as petitioner faced a charge of murder, and involuntarily medicating petitioner would further the State's interest, was necessary, and was medically appropriate.[3] *See Sell v. United States*, 539 U.S. 166, 180-83 (2003) (setting forth the factors for involuntarily medicating a person for competence to stand trial). The district court further ordered that additional medical and neurological screening be conducted before administering medication, and the district court's order indicated that medication should be continued at the Clark County

---

generation antipsychotic medicine was not a first-choice medication in this case.

[2]The director of the facility testified that petitioner refused to participate in psychotherapy.

[3]During the hearing, petitioner's counsel indicated that petitioner wanted to continue the hearing so that her family could be present, she could have an independent evaluation, and she could hire a civil attorney. Petitioner also believed the district court judge had a conflict of interest because she had decided a disqualification motion involving the trial judge; however, no motion to disqualify the competency-court judge was filed before the hearing. The district court denied petitioner's request to continue the proceedings and indicated, however, that if new information became available from petitioner's family or her family hired a civil attorney, the district court would consider further argument at a later time. Petitioner has not argued the district court abused its discretion in denying the request to continue.

Detention Center if petitioner were subsequently found to be competent and transferred to the custody of the Clark County Sheriff.

Although the testimony about the medication regimen could have been more specific while maintaining the flexibility required in the medical/mental health profession, the testimony adequately identified the class of drugs to be used and that any medication would be started at the lowest dosage and medical-monitoring would continue after the regimen was started. As the district court applied the correct legal precedent and the district court's findings were not clearly erroneous based on the uncontroverted medical evidence presented at the hearing, we cannot say the district court acted arbitrarily and capriciously or manifestly abused its discretion in granting the motion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).[4] Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Linda Marie Bell, Chief Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[4]A writ of prohibition is not available because the district court had jurisdiction over the criminal case and the defendant. *See* NRS 34.320; *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980).