IN THE SUPREME COURT OF THE STATE OF NEVADA

ZANE MICHAEL FLOYD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHAEL
VILLANI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83108

FILED

DEC 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges the district court's order denying a motion to disqualify the Clark County District Attorney's office (CCDA) due to an alleged separation-of-powers violation. Petitioner Zane Floyd argues that the dual service of deputy district attorneys as legislators violates the separation-of-powers clause set forth in Article 3, Section 1 of the Nevada Constitution. Floyd further argues that CCDA Steve Wolfson violated the separation-of-powers clause because he supervises the deputy district attorneys who serve as legislators and may influence their roles as legislators, he made statements against a bill to abolish the death penalty, and his office sought an execution warrant for Floyd after the bill to abolish the death penalty was voted out of the Assembly. Floyd argues these circumstances demonstrate a specific identifiable impropriety requiring disqualification of the entire district attorney's office.

The State counters there is no separation-of-powers violation because the deputy district attorneys who serve as legislators had no involvement in Floyd's case and they take a leave of absence from their

21-36644

positions as deputy district attorneys to serve in the Legislature. Further, the State argues CCDA Wolfson has not violated the separation-of-powers clause in either seeking the execution warrant or speaking publicly about the bill to abolish the death penalty. Finally, the State argues there is no basis for disqualifying the entire district attorney's office.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty arising from an office, trust, or station, or to control a manifest abuse of discretion or an arbitrary or capricious exercise of discretion.[1] NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse or arbitrary or capricious exercise of discretion involves either a clearly erroneous interpretation or application of the law or a decision based upon partiality, preference, or bias. *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196-97 (2020); *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780. It is within this court's discretion to issue a writ of mandamus. *Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019).[2]

---

[1]Floyd alternatively seeks a writ of prohibition. However, "[a] writ of prohibition. . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration." *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980). As the district court had jurisdiction over Floyd's criminal case, a writ of prohibition is not the way to challenge the district court's decision.

[2]The district court's order is not appealable, and will not be reviewable on appeal from some other appealable order or judgment. It thus appears that Floyd has no alternative remedy. *See* NRS 34.170 (providing that a writ of mandamus will issue "where there is not a plain, speedy and adequate remedy in the ordinary course of law").

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Floyd has not demonstrated that there is a separation-of-powers violation related to dual service in this case because the deputy district attorneys that serve in the Legislature have had no involvement in prosecuting Floyd's case or seeking the execution warrant. CCDA Wolfson has not violated the separation-of-powers clause in seeking the execution warrant given that he is authorized to do so under NRS 176.495. And as the officer with policymaking authority for his office, NRS 252.070(1), he is permitted to speak publicly about pending criminal legislation. Floyd has not put forward any evidence establishing that CCDA Wolfson exerted improper authority over his deputies in their capacities as legislators. Absent such a showing, we cannot say CCDA Wolfson has exercised any legislative powers.[3] Thus, Floyd has not demonstrated an entitlement to writ relief based on a violation of the separation-of-powers clause under the Nevada Constitution.

Floyd further has not demonstrated any purported conflict of interest "would render it unlikely that the defendant would receive [fair proceedings in the lower court] unless the entire prosecutor's office is disqualified from [proceeding in] the case." *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 165, 321 P.3d 882, 886 (2014). Of note, in *Zogheib*, this court specifically rejected the impropriety standard referenced by Floyd in evaluating a request to disqualify the entire district attorney's office. *See id.*

---

[3]Any allegations of misconduct committed by the deputy district attorneys in their roles as legislators are only reviewable by the Legislature as we recognized in *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 293, 212 P.3d 1098, 1104 (2009) (observing that "the power to discipline legislators for disorderly conduct is a function constitutionally committed to each house of the Legislature").

Having concluded that Floyd has not demonstrated entitlement to the relief he sought in the district court, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

_____, J.          _____, J.
Cadish                                Silver

_____, J.          _____, J.
Pickering                             Herndon

cc:    Hon. Jacqueline M. Bluth, District Judge
       Hon. Michael Villani, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk